UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-14005-TP-MARTINEZ/MAYNARD

UNITED STATES OF AMERICA,

v.

RITA MARIA RIOS,

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S
## *PRO SE* MOTION TO TRANSPORT AND RESOLVE OPEN CASE [DE 13]

Defendant is confined at the Lowell Correctional Institution in Ocala, Florida, where she is presently serving a state sentence. Defendant, *pro se*, has filed a Motion to Transport and Resolve Open Case [DE 13], which has been referred to me for appropriate disposition. Movant seeks to be brought to federal court to resolve a pending detainer lodged with state authorities by the federal government based upon Defendant's alleged violations of her supervised release imposed in this case. For the reasons discussed below, Defendant's Motion should be **DENIED**.

On April 10, 2007, the District Court for the Southern District of Texas sentenced Defendant to 210 months in prison and five years of supervised release following Defendant's conviction for possession with intent to distribute more than five kilograms of methamphetamine. [DE 2 at 29]. Defendant's sentence was later reduced to 150 months in prison. [*Id.* at 29-31]. After serving the prison portion of her sentence, Defendant commenced her term of supervised release on September 14, 2016.

On May 22, 2017, while Defendant was serving her term of supervised release, jurisdiction over Defendant was transferred to the Southern District of Florida, Fort Pierce Division. [DE 1].

On April 17, 2018, U.S. Probation filed a petition alleging that Defendant committed eight violations of her term of supervision by, among other things, selling and possessing cocaine within 1,000 feet of a church with intent to sell or deliver and associated with a known convicted felon. [DE 3]. On April 23, 2018, the Court issued an arrest warrant based on this petition. Pursuant to this pending petition and arrest warrant, a federal detainer has been lodged against Defendant.

On October 10, 2018, the State of Florida sentenced Defendant to 65 months in prison for sale of cocaine within 1,000 feet of a religious building and possessing cocaine. As of today, Defendant is serving her state sentence on these convictions at Lowell Correctional Institution in Ocala, Florida. *See* Fla. Dep't of Corr. Offender Search, http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=M19819&TypeSearch=AI (last visited Jan. 4, 2022). Defendant's current release date is December 14, 2022.

In her *pro se* Motion, Defendant seeks to be transported to federal court to resolve her pending alleged violations of supervised release so she may "run any sentence she may be given concurrently with the Florida sentence she is now serving" which she says would allow her to participate in re-entry programs. [DE 13 at 2]. In response, the Government states that while it has no objection to Defendant's request to be transported, the Government objects to any federal sentence being run concurrent with Defendant's state sentence. [DE 15 at 1-2].

Defendant's motion should be denied because she has no right to a revocation hearing, or any other revocation proceeding, until federal officials take her into custody. Notably, the issuance of an arrest warrant for violation of supervised release and a delay in executing that warrant does not deprive a person of her constitutional rights. *See Moody v. Daggett*, 429 U.S. 78, 86, 89 (1976); *U.S. v. Cunningham*, 150 Fed. Appx. 994, 996 (11th Cir. Oct.21, 2005).

In *Cunningham*, a state prisoner, like Defendant, committed a state drug crime while on federal supervised release and was sent to state prison. *Cunningham*, 150 Fed. Appx. at 995. A petition for revocation of the prisoner's supervised release was filed in the federal court, which issued an arrest warrant that was not executed. *Id.* The prisoner filed a motion in the federal court seeking a hearing in the revocation proceedings and transfer to federal prison, which the court denied. *Id.* The Eleventh Circuit affirmed, holding that "[t]he district court is not required to conduct a supervised release violation hearing until [the state prisoner] is taken into federal custody after he completes his sentences for the state convictions." *Id.* at 996.

The same result applies here. Defendant is not entitled to be transported to federal court for a supervised release revocation hearing unless and until she is taken into federal custody, which has not yet occurred. *See id.* The arrest warrant stemming from Defendant's alleged violations of her federal term of supervised release and a federal detainer are in place, which will operate to have Defendant taken into federal custody after she completes her current state sentence.

**ACCORDINGLY**, I recommend to the District Court that Defendant's *pro se* Motion to Transport and Resolve Open Case [DE 13] be **DENIED.**

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 4th day of January, 2022.

								_____
								SHANIEK M. MAYNARD
								U.S. MAGISTRATE JUDGE